IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON R. MORELOCK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-3230-CV-S-ODS |
| ) | Crim. No. 08-3030-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER

Pending are Petitioner's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docs. #1, 5), and Respondent's Opposition to Motions under 28 U.S.C. § 2255 and Request to Lift Stay (Doc. #11). Petitioner has not responded to Respondent's filing, and the time for doing so has passed.

Petitioner argues his sentence should be vacated, set aside, or corrected because he was denied due process when he was sentenced pursuant to the Court's finding that he was a career offender under the United States Sentencing Guidelines. Petitioner argues the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), wherein the Supreme Court held the residual clause of the Armed Criminal Career Act ("ACCA") was unconstitutionally vague, should apply to the career offender provision in the Sentencing Guidelines. Petitioner requested and was granted a stay pending the Supreme Court's decision in *Beckles v. United States*. Docs. #6, 9.

On March 6, 2017, the Supreme Court found "the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Now that *Beckles* has been decided, the stay in this matter is lifted.

Pursuant to *Beckles*, Respondent asks the Court to deny Petitioner's motions to vacate, set aside, or correct his sentence. The sole argument in Petitioner's motions to vacate, set aside, or correct his sentence is rendered meritless due to *Beckles*. Petitioner so admitted in his motion to stay. Doc. #6, at 2 (stating "[i]f *Beckles* holds that *Johnson* is not retroactively applicable to guidelines cases on collateral review,

movant's case would necessarily be terminated."). Pursuant to *Beckles*, Petitioner's motions to vacate, set aside, or correct his sentence are denied. Because Petitioner made no substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

Based upon the foregoing, the following is ordered:

(1) Respondent's Request to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motions on the Merits is granted (Doc. #11);

(2) Petitioner's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docs. #1, 5) are denied; and

(3) The Court declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 3, 2017 UNITED STATES DISTRICT COURT